

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 14, 1990

Patricia S. Bizzell, M.P.A.
Executive Director
Texas State Board of Examiners
  of Psychologists
9101 Burnet Road, Suite 212
Austin, Texas 78758

Opinion No.  JM-1247

Re:  Jurisdiction  of the
Texas State Board of Exam-
iners    of    Psychologists
over   individuals who have
voluntarily  requested  and
been granted certification
and   licensure   but   whose
employment      makes      them
exempt   (RQ-2077)

Dear Ms. Bizzell:

You ask about one of the exemptions from licensing  and
certification requirements  under article  4512c,  V.T.C.S.,
the Psychologists' Certification and Licensing Act.

Section 20 of the act provides:

> After December 31,  1970, no person  shall
> represent  himself  as   a  psychologist    or
> psychological associate within the meaning of
> this Act unless  he is  certified and  regis-
> tered under the provisions of this Act.

Section 21 provides for the  licensure of persons who  offer
psychological services  for compensation.   Section 22  pro-
vides that  "[n]othing in  this Act  shall be  construed  to
apply to"

> (a) the  activities, services  and use  of
> official  title  on  the  part  of  a  person
> employed  as  a  psychologist  by  any:   (1)
> governmental  agency,   (2)   public   school
> district,  or  (3)  regionally   accredited
> institution of higher eduction provided  such
> employee is performing those duties for which
> he is employed by  such agency, district,  or
> instituion and  within the  confines of  such
> agency, district, or  institution insofar  as

> such activities and services are a part of the duties of his office or position as a psychologist with such agency, district, or institution; except that persons employed as psychologists who offer or provide psychological services to the public (other than lecture services) for a fee, monetary or otherwise, over and above the salary that they receive for the performance of their regular duties, and/or persons employed as psychologists by organizations that sell psychological services to the public (other than lecture services) for a fee, monetary or otherwise must be licensed under the provisions of this Act.

See also V.T.C.S. art. 4512c, § 22(b) (exception for students, interns, and residents in psychology), (c) (exception for services of other professionals, Christian Science practitioners, and other religious practitioners), (d) (certain marriage and family counselors); see generally Attorney General Opinion H-930 (1977) (whether person contracting to provide psychological services to school district is within exemption). The Board of Examiners of Psychologists is prohibited from enacting rules that govern the "activities, services, or training" of a person who is exempt from the act's provisions under section 22.

Because section 22 states that "[n]othing in this Act" shall apply to the persons described, you ask whether the Board of Examiners of Psychologists has "legal jurisdiction over" persons who fit the description set out in section 22(a) but who have nonetheless obtained certification or licensure.

If the phrase "[n]othing in this Act shall be construed to apply" is taken absolutely literally, persons described in the exemptions set out in section 22 would be ineligible for certification or licensure under article 4512c. We do not think, however, that the purpose of section 22 is to make certain individuals ineligible for certification and licensure. Rather, we think that the plain purpose of the exemption set out in section 22(a) is to allow persons to engage in certain types of employment without a certificate or license issued under article 4512c. If such persons do, however, seek licensure or certification, we think they submit to all of the act's provisions. Consequently, we think it is clear that a person who chooses to seek certification or licensure, even if he would be exempt under section 22(a), would be subject to the board's rules

regarding that person's activities, services, or training to the extent that they are qualifications for certification or licensure.  Once a person is certified or licensed, we think it is within the authority of the Board of Examiners of Psychologists to cancel, revoke, suspend, or refuse to renew that certification or license for any of the reasons the board may take such action in regard to certificates and licenses generally. See V.T.C.S. art. 4512c, §§ 23, 24A. Similarly, we think any person who chooses to seek licensure or certification is subject to the fees imposed by section 16A of article 4512c.

## S U M M A R Y

A person who is certified or licensed under article 4512c is subject to the provisions of that act, even if that person holds employment that would exempt him or her from the licensing and certification requirements of the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General